[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13750
Non-Argument Calendar
_____

Agency No. EA-5630

RON MASON,

Petitioner,

versus

NATIONAL TRANSPORTATION SAFETY BOARD,

Respondent.

_____

Petition for Review of a Decision of the
Federal Aviation Administration
_____

(April 10, 2013)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Ron Mason, proceeding *pro se*, appeals the order of the National Transportation Safety Board ("NTSB") dismissing his appeal of the decision of the Administrative Law Judge ("ALJ") because he did not file an appellate brief within 50 days of the ALJ's decision, as required by 49 C.F.R. § 821.48(a).  Mason argues that the NTSB acted arbitrarily and capriciously in dismissing his appeal, because he had good cause for missing the deadline.  Specifically, Mason asserts that his move from Arizona to Florida, the fact that he filed the brief only three days late, and the week that it took for him to receive the transcript of the hearing before the ALJ are good cause for the NTSB to excuse his late filing.  Mason also argues that the NTSB's 50-day deadline for filing an appellate brief is arbitrary and capricious, because it is not a "natural" period and is therefore difficult to keep track of and comply with.

Our review of NTSB decisions "is narrow and deferential"; we will set aside NTSB's decision only if it is arbitrary and capricious.  *Swaters v. Osmus*, 568 F.3d 1315, 1322 (11th Cir. 2009).  Accordingly, we "defer to the wisdom of the agency provided their decision is reasoned and rational."  *Id.*

Congress gave the NTSB the power to prescribe regulations to carry out its duties.  49 U.S.C. § 1113(f).  The NTSB has adopted a two-step process for appeals to the NTSB from an ALJ's initial decision.  First, the appellant must file a notice of appeal within 10 days after the date on which the oral initial decision was

2

rendered.  49 C.F.R. § 821.47(a).  Second, the appellant must perfect the appeal by filing a brief within 50 days after the oral initial decision.  49 C.F.R. § 821.48(a).

The NTSB may dismiss an appeal *sua sponte* or on motion when a party files a notice of appeal but fails to perfect the appeal by filing a timely brief.  *Id*.  In *Administrator v. Hooper*, the NTSB announced that in exercising its ability to dismiss late-filed appeals under § 821.48(a), it would "adhere uniformly to a policy requiring the dismissal, absent a showing of good cause, of all appeals in which timely notices of appeal, timely appeal briefs or timely extension requests to submit those documents have not been filed."  6 N.T.S.B. 559, 560 (1988).

The NTSB has held that travel during the time for filing an appeal does not establish good cause for failure to file or perfect an appeal.  *See, e.g., Administrator v. Givens*, 6 N.T.S.B. 1055 (1989).  Similarly, filing a document only a few days late does not constitute good cause.  *See, e.g., Administrator v. Angler Airways, Inc.*, N.T.S.B. Order No. EA-5310 (2007).

In *United States v. Locke*, the Supreme Court held that "[d]eadlines are inherently arbitrary, while fixed dates are often essential to accomplish necessary results."  471 U.S. 84, 94, 105 S.Ct. 1785, 1792, 85 L.Ed.2d 64 (1986) (quotation omitted).  The Court explained that "filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to persons who fall just on

3

the other side of them, but if the concept is to have any content, the deadline must be enforced." *Id*. at 101, 105 S.Ct. at 1796.

We find that the NTSB's dismissal of Mason's appeal was not arbitrary and capricious. Mason had 50 days from the date of the ALJ's oral decision to submit his brief, and because he filed it three days late, dismissal was appropriate under 49 C.F.R. § 821.48(a). The NTSB was given the power to set its own procedural rules, and the 50-day period for filing an appellate brief, while inherently arbitrary, is not capricious in-and-of itself. *See Locke*, 471 U.S. at 94, 105 S.Ct. at 1792.

Mason failed to show good cause for failing to meet the 50-day deadline, as the NTSB has held that travelling during the 50-day time period or filing a brief only a few days late does not constitute good cause. *See Givens*, 6 N.T.S.B. 1055; *Angler Airways, Inc.*, N.T.S.B. Order No. EA-5310. Likewise, the fact that he had to wait for a transcript of the proceedings before the ALJ in order to prepare his brief does not excuse his untimely filing, as the rules promulgated by the NTSB allow extra time for an appeal from an oral decision compared to an appeal from a written decision. *See* 49 C.F.R. § 821.48(a).

AFFIRMED.

4